ADVENTIST LAYMEN'S FOUNDATION,
et al *v.* Alpha Miller BENNETT

80-72                                     601 S.W. 2d 830
Supreme Court of Arkansas
Opinion delivered June 23, 1980

*Jon R. Sanford,* of *Sanford, Pate & Marschewski,* for appellants.

*J. Marvin Holman,* for appellee.

DARRELL HICKMAN, Justice. The Adventist Laymen's Foundation is a non-profit corporation which was formed for essentially religious purposes. Alpha Miller Bennett, the appellee, and her husband had attended religious services conducted by this organization in Johnson County, Arkansas. After the death of her husband she deeded a tract of land, consisting of about 90 acres, to the foundation, reserving to herself a life estate. This was in 1974. The next year, in February, 1975, when it was decided by the foundation that some buildings should be built on the tract, new deeds were executed. The foundation deeded the property back to the appellee and she executed a new deed to the foundation. This deed granted the land to the foundation in fee but contained a reversionary clause relating to the use of the land. At the same time an agreement was entered into between the foundation and the appellee which provided, among other things, that not only could the appellee live on the land for the rest of her life but the foundation agreed to pay all of her medical expenses except those covered by social security. She was also made a member of the Board of Directors.

The appellee married Robert Bennett in 1977, and thereafter the relationship between the parties deteriorated. The appellee filed suit to set aside the deeds that were executed in 1975 because the foundation had failed to pay her medical bills as agreed. There were other allegations and issues but they are irrelevant to this appeal. After a lengthy trial, the chancellor set aside all the deeds between these parties and ordered the property sold, reserving judgment on disposition of the proceeds of the sale until a further hearing could be held.

The foundation appeals alleging the court was wrong in cancelling the deeds and the contract for five reasons: The appellee did not request that all deeds between the parties be set aside, just the 1975 deed, and, therefore, the court was wrong in setting aside the 1974 deed; the appellee did not

have "clean hands" and should not be allowed to prevail; the appellee did not prove her case as required by law; the appellee did not offer to restore the foundation to its position and failed to surrender possession before suit; and, finally, the court was wrong in construing the deeds and the contract together so a breach of the agreement permitted cancellation of the deeds.

When the appellee signed the agreement she had already lost one leg because of complications from diabetes. After the agreement she lost another leg and the medical expenses for that operation were $10,343.65 for the hospital and $3,131.50 for the doctor. The operation was in July, 1975. The foundation did not pay these bills because it did not have the money. The doctor settled his account with the appellee by accepting less than full payment from the Welfare Department. The hospital wrote off its bill as uncollectible. There is evidence the appellee consented to these actions by the hospital and the doctor. However, it is not disputed that the foundation had a meeting, at which the appellee was present, and the hospital bill was discussed. It was decided that the only way the bill could be paid was for some of the land to be sold and the appellee objected to that; the matter was dropped. The appellee filed suit on February 27, 1978.

The chancellor found that the fact that the bills may have been forgiven did not relieve the foundation of its obligation. Furthermore, the chancellor found that the evidence indicated that the foundation could not in the future guarantee that the medical bills would be paid. The evidence supports this finding because essentially the foundation had no money; at no time has this foundation paid a single salary to its officers; two of the officers were paid by a similar corporation set up in Mississippi, three of whose directors are also directors of this Arkansas corporation.

The appellant argues that this lawsuit only involved the 1975 instruments and not the 1974 deed. This is a technical argument that goes to the pleadings. The appellant argues that even though the 1975 instruments were set aside, there still existed the 1974 deed which granted the foundation the remainder of the property after the life of the appellee; since

the complaint did not ask the 1974 deed to be set aside, the chancellor erred in doing so. There is no merit at all to this argument. The parties swapped deeds in 1975, the foundation deeding her back the land which, in effect, cancelled the 1974 deed. The foundation requested the new deed so it could build improvements on the land. By the time the case was tried, a building valued at about $30,000 had been completed as well as two residences for members of the foundation.

The argument that the appellee did not have "clean hands" is also without merit. The simple fact that the doctor and the hospital did not collect the bills and the appellee may have encouraged or condoned this action is irrelevant to the question of whether the foundation lived up to its obligation. It agreed to pay those bills and it did not do so. She received demands from the hospital for payment, they were presented to the board, which acknowledged that the bills could not be paid unless land was sold.

The foundation argues that the deeds and contract could not be cancelled and set aside unless clear, cogent and convinving evidence showed that there was a branch of a covenant. That is a correct statement of law. *Prentice* v. *Cox,* 261 Ark. 19, 547 S.W. 2d 744 (1977). But the evidence was overwhelming that the foundation had failed to pay the medical bills as it had agreed. Therefore, there was no failure by the appellee to meet the burden of proof.

There was no obligation on the part of the appellee to make the foundation whole. They paid nothing for the land. It was a gratuity and, therefore, she would not have to offer them anything before seeking cancellation of the instruments. The chancellor decided to sell the land in order to restore the parties as nearly as possible to their former position. Of course, he recognized it was impossible to actually restore them to their former positions because of the improvements on the land. We find no error in such judgment. Sometimes it is the only alternative.

Finally, the appellant argues that the deed and the contract were separate and the deed should not be set aside because of a breach of the agreement to pay the medical ex-

penses. As we have indicated, the documents were one and the same transaction. The fact that there was no mention in the deed of the agreement is irrelevant. The parties all went to one lawyer and had the agreement drawn up and it was understood between these parties that the consideration for the deed was the agreement to take care of her as provided for in the agreement.

This is an unfortunate case because apparently all the parties entered into it in good faith, but, as often happens in situations like this, those good intentions deteriorate after close personal contact over a period of time. Personal services are difficult to manage by legal agreements. The chancellor did the only thing that could be done in a situation like this, with as little damage to both parties as possible, and that is, ordered the property sold with the money to be divided according to equitable principles. Therefore, the decree is affirmed.

Affirmed.